Mr. Justice Johnson
delivered the opinion of the court.
It is conceded by the counsel for the motion, and such is certainly the law, that the declarations or private memoranda made by a deceased witness is inadmissible ; but it is contended :'
1st. That it does not apply, because the evidence offered was the official act of the Notary ; and
2dly. That it constituted an exception, inasmuch as it was the best evidence in the power of the' party.
It is not necessary to the purposes of'this case to consider what official acts may or may not be given in evidence as proof of the facts which they state. That consi *133 deration is superseded by the conclusion that this protest was an extra-judicial act, and could not therefore be otherwise regarded than as a private memorandum. I will proceed therefore to demonstrate the truth of this conclusion. Any act done by a public officer in the discharge of a duty which the law imposes, and from which some legal consequence is to follow, must be regarded as official; and on the other hand, those which the law does not impose, and from which no legal consequences follow, are extra-judicial. The paper protested was a promissory note. The parties resided here, and all the authorities agree that it was hot necessary to enable the plaintiff to recover, that it should be protested. (Kidd on Bills, 142. Chitty on Bills, 240.) No legal consequence resulted from the protest, it was therefore extra-judicial and void. (Wood’s Institutes, 301 .) The only character which it retains is that of a private memorandum. The arguments founded on the necessity of admitting this evidence are drawn from the rule, that in the absence of the highest evidence of which the thing is susceptible, secondary is admissible. Correct as this rule is, it must be understood with proper limitations. It certainly never was intended to let in common rumor or hearsay evidence of passing events ; and although it may be difficult to fix with precision the correct limits of its operation; yet from its nature it must cease, when it comes in collision with any other well settled rule, by which the evidence is excluded. One example will be sufficient. In the absence of any other proof, the oath of tire party would be the best in his power; but this is excluded by a positive rule. So in this case, the rule contended for is opposed to a settled rule, that private memoranda are inadmissible. I doubt not that many cases have occurred., in which such evidence has been received without objection or opposition. Parties may, by consent, make the rule of evidence for the particular case what they please ; and it is not unusual on the circuit to take the oath oí one, p.f tire parties by consent. These instances ought not how *134 ever to furnish a precedent in opposition to the established rules of law.
Condy fy Kennedy, for the motion.
Simons 11» fVai'ing, contra.
The motion was refused.
Justices Noll, Gantt and Richardson, concurred.